

*103193093 7*

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

FEB - 1 2016

TIM RHODES
COURT CLERK
89

| | |
|---|---|
| NAIR RODRIGUEZ, as next of kin to, the ESTATE of LUIS RODRIGUEZ, NAIR RODRIGUEZ, individually, and LUINAHI RODRIGUEZ, individually, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| WARREN THEATRES, LLC, OKLAHOMA WARREN THEATRES, LLC, BRIAN CLARKSTON, TYLER HOWSER, CHAD STRANG, THE CITY OF MOORE ex rel. THE MOORE POLICE DEPARTMENT, JOSEPH BRADLEY, RYAN MINARD, MIDWEST REGIONAL MEDICAL CENTER EMS, MIDWEST REGIONAL MEDICAL CENTER, LLC, GUY RODOLPH, JASON SMITH, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. CJ-2015-357

## PLAINTIFFS' THIRD AMENDED PETITION

**COME NOW** the Plaintiffs, Nair Rodriguez, as next of kin to, the Estate of Luis Rodriguez, (hereinafter referred to as "the Estate"), Nair Rodriguez, individually and Luinahi Rodriguez, individually, and for their causes of action against the Defendants, Warren Theatres, LLC, Oklahoma Warren Theatres, LLC, Brian Clarkston, Tyler Howser, Chad Strang, the City of Moore ex rel. the Moore Police Department, Joseph Bradley, Ryan Minard, Midwest Regional Medical Center EMS, Midwest Regional Medical Center, LLC, Guy Rodolph, Jason Smith (hereinafter collectively referred to as "Defendants"), allege and state as follows:

1.      That the Deceased, Luis Rodriguez, was a resident of Cleveland County, State of Oklahoma prior to his untimely death.

2.  That the Plaintiff, Nair Rodriguez, resides within Cleveland County, State of Oklahoma.

3.  That the Plaintiff, Luinahi Rodriguez, resides within Cleveland County, State of Oklahoma.

4.  That the Defendant, Warren Theatres, L.L.C., is a for-profit corporation with its principal place of business in Wichita, Kansas.

5.  That the Defendant, Oklahoma Warren Theatres, LLC, is a for-profit corporation with its principal place of business in Wichita, Kansas.

6.  That Defendant, Brian Clarkston, resides within Oklahoma County, State of Oklahoma.

7.  That Defendant, Tyler Howser, resides within Seminole County, State of Oklahoma.

8.  That Defendant, Chad Strang, resides within Oklahoma County, State of Oklahoma.

9.  That the Defendant, City of Moore ex rel. the Moore Police Department, is a political subdivision occupied within Cleveland County, State of Oklahoma.

10. That Defendant, Joseph Bradley, resides within Oklahoma County, State of Oklahoma.

11. That Defendant, Ryan Minard, resides within Oklahoma County, State of Oklahoma.

12. That the Defendant, Midwest Regional Medical Center EMS, is an Oklahoma corporation licensed with the Oklahoma Secretary of State.

13. That the Defendant, Midwest Regional Medical Center, LLC, is an Oklahoma corporation licensed with the Oklahoma Secretary of State.

14. That Defendant, Guy Rodolph, resides within Oklahoma County, State of Oklahoma.

15.    That Defendant, Jason Smith, resides within Oklahoma County, State of Oklahoma.

16.    That on February 14, 2014, Luis Rodriguez attended a movie with his wife, Nair Rodriguez, and daughter, Luinahi Rodriguez, at the Moore Warren Theatre located at 1000 South Telephone Road, Moore, OK 73160.

17.    That following the movie, the unfortunate events that led to Luis Rodriguez's senseless death unfolded when officers approached the Rodriguez family in the parking lot, hundreds of feet from the movie theater, after they were called to the Moore Warren Theatre on an unrelated matter.

18.    Specifically, Officer Ryan Minard and Officer Joseph Bradley were dispatched to the Moore Warren Theatre in order to assist Brian Clarkston, an off-duty officer of the Moore Police Department, Chad Strang and Tyler Howser, who were all working security for the theater.

19.    In particular, the Moore Warren Theatre provides a full service bar to its patrons.

20.    Clarkston, Strang and Howser were in contact with two intoxicated customers (not related to the Plaintiffs) who had fallen asleep inside the movie theater as a result of being over-served by Moore Warren Theatre.

21.    In fact, the two intoxicated customers' level of intoxication was so severe that it led the officers to believe that they were in need of medical attention.

22.    As a result, an ambulance was dispatched to the theater as well as Officers Minard and Bradley.

23.    Officers Minard and Bradley were escorting the intoxicated customers outside to get a cab when they were contacted by a customer regarding an incident she had witnessed outside the theater.

24. Specifically, an argument took place between Nair Rodriguez and their then 19-year-old daughter, Luinahi Rodriguez.

25. A bystander witnessed the argument and reported the incident to the officers.

26. However, no one, including the bystander, ever reported that there was anyone involved in the argument besides Nair Rodriguez and Luinahi Rodriguez.

27. No one, including the bystander, ever reported that a male was involved in the argument.

28. No one, including the bystander, ever reported that anyone has suffered an injury as a result of the argument, including Nair Rodriguez and Luinahi Rodriguez.

29. Luis Rodriguez was simply an innocent bystander who was verbally attempting to peacefully mediate between his two loved ones and posing no danger to anyone.

30. Nair Rodriguez had stormed away from her daughter, upset at what had happened.  Luis Rodriguez went after her to calm her down.  Shortly thereafter, the officers and private security approached the unsuspecting family.

31. When Howser approached Nair Rodriguez, she explained that her daughter had made some disrespectful comments so Nair Rodriguez slapped her in the face.

32. At the same time, Strang approached Luis Rodriguez and Luinahi Rodriguez and asked them what had happened.

33. Luis Rodriguez politely explained to Strang that his wife had struck his daughter, but everything was under control, that it was a "family matter" and that their assistance would not be needed.

34.   Despite repeated indications that the situation was under control, the officers refused to believe what they had been told and focused their attention upon the innocent Luis Rodriguez.

35.   The officers intentionally separated Nair Rodriguez from her husband and daughter.

36.   Luis Rodriguez tried to reach his wife in order to try and calm her down.

37.   Unconvinced, the officers violently attacked Luis Rodriguez without justification or provocation.

38.   Specifically, the officers were unreasonable in the use of excessive force utilized on Luis Rodriguez because it was obvious,

    a.   He had not committed any crime,

    b.   Resolution of the dispute at issue did not require any force by anyone against anyone,

    c.   Luis Rodriguez did not pose any threat to the safety of the officers or others,

    d.   There were no grounds for the detention of Luis, especially after the Defendants learned of the prior minor dispute between Nair Rodriguez and Luinahi Rodriguez,

    e.   Luis Rodriguez was known as a gentle, peaceful man if not attacked,

    f.   Luis Rodriguez did not attempt to resist or evade arrest,

    g.   Luis Rodriguez did not have a criminal record,

    h.   There were alternative methods that could have been utilized by the officers to accomplish the detention of Luis Rodriguez,

i.     The officers clearly outnumbered Luis Rodriguez and their physical size, strength and combined weaponry compared to an unarmed Luis Rodriguez did not necessitate the use of force utilized on Luis Rodriguez, and

j.     There was nothing immediate about the investigation that necessitated the amount of force utilized on Luis Rodriguez.

39.     Specifically, the officers and private security tackled Luis Rodriguez to the ground and savagely beat him to death.

40.     Luis' wife and daughter witnessed him being pummeled with fists, knees, and pepper sprayed until he was bloody and lifeless.

41.     After it was clear the officers had mortally wounded Luis Rodriguez, the officers climbed off of his motionless body.

42.     Nair Rodriguez and Luinahi Rodriguez watched in horror as the life drained from Luis Rodriguez's body.

43.     When they tried to go to his aid, the officers refused to allow Nair and Luinahi Rodriguez near his body to hold him one last time.

44.     Helpless, Luis' wife and daughter were simply left to record the incident on a cell phone.

45.     The officers became concerned when they learned that Nair and Luinahi Rodriguez had recorded the murder of Luis Rodriguez on their cellular telephone and threatened her with arrest if she did not stop and give her cellular telephone to them.

46.   Therefore, without any civil authority, physically restrained Nair Rodriguez from recording their deeds any further and forcibly took possession of her cellular telephone without a warrant and without explanation.

47.   It is obvious that it was taken in an attempt to minimize or alter the truth of what had occurred.

48.   The death of Luis Rodriguez was needless and senseless.

49.   Luis Rodriguez had not broken any laws or committed any crime.

50.   When questioned by the officers, both he, his wife and daughter had properly informed them that his wife had struck their daughter.

51.   As a result, there was absolutely no basis for them to detain Luis Rodriguez.

52.   In the days following Luis Rodriguez's murder, the Moore Police Department failed to turn over the investigation to the Oklahoma State Bureau of Investigation for two (2) days while it collected evidence and witness statements regarding a death caused by its own officers.

53.   However, the authorities did confirm that Luis Rodriguez did not have any alcohol or drugs in his system at the time of his murder.

54.   Ultimately, the District Attorney for Cleveland County, Greg Mashburn, refused to file charges against the Moore officers, Joseph Bradley, Brian Clarkston, and Ryan Minard.

55.   Officers Bradley and Minard were on-duty at the time and in the course and scope of their employment with Moore Police Department.

56.   Officer Clarkston was working private security at the Warren Theatre along with two off-duty Oklahoma Game Wardens, Tyler Howser and Chad Strang.

- 7 -

57. Moreover, District Attorney Mashburn refused to file charges against Game Wardens Howser and Strang.

58. District Attorney Mashburn appears to have a history of justifying the legal use of force, including deadly force, against civilians.

59. That the Defendants, Warren Theatres, LLC, Oklahoma Warren Theatres, LLC, are for profit corporations with their primary headquarters located in Wichita, Kansas and operate the Moore Warren Theatre.

60. That the Defendant, City of Moore *ex rel.* Moore Police Department, is a political subdivision occupied within Cleveland County, State of Oklahoma.

61. That the Defendant, Joseph Bradley, at all times relevant hereto, was an employee of the Moore Police Department and was acting within the course and scope of his employment within the department.

62. That the Defendant, Ryan Minard, at all times relevant hereto, was an employee of the Moore Police Department and was acting within the course and scope of his employment within the department.

63. That the Defendants, Brian Clarkston, Tyler Howser, Chad Strang, at all times relevant hereto, were employed by Defendants, Warren Theatres, LLC, Oklahoma Warren Theatres, LLC, as private security officers and were acting within the course and scope of their employment for Defendants, Warren Theatres, LLC, Oklahoma Warren Theatres, LLC.

64. That Defendants, Warren Theatres, LLC and Oklahoma Warren Theatres, LLC, are responsible for the actions of Defendants, Brian Clarkston, Tyler Howser, Chad Strang, under the legal theory of *respondeat superior.*

- 8 -

65.  That the Defendant, Midwest Regional Medical Center, LLC operates Midwest Regional Medical Center EMS.

66.  That Midwest Regional Medical Center EMS was responsible for operating the ambulance service that responded the situation when it became apparent that the Defendants had mortally wounded Luis Rodriguez.

67.  That the Defendants, Midwest Regional Medical Center EMS, Midwest Regional Medical Center, LLC, Guy Rodolph, Jason Smith, did not take any immediate steps to try and resuscitate Luis Rodriguez at the scene.

68.  Moreover, despite the fact that it was obvious that the Defendant officers and their respective employers had killed Luis Rodriguez, Defendants, Midwest Regional Medical Center EMS, Midwest Regional Medical Center, LLC, Guy Rodolph, Jason Smith, refused to allow his wife, Nair Rodriguez, or even his daughter, Luinahi Rodriguez, to accompany his body to the hospital.

69.  Defendants, Midwest Regional Medical Center EMS, Midwest Regional Medical Center, LLC, Guy Rodolph, Jason Smith, were negligent in failing to render appropriate medical care by failing to provide the necessary medical attention and in failing to properly monitor and assess Luis Rodriguez's condition.

70.  Defendants, Midwest Regional Medical Center EMS, Midwest Regional Medical Center, LLC, Guy Rodolph, Jason Smith, and their employees, and agents who may have assisted, were acting within the course and scope of their employment with the Defendants, Midwest Regional Medical Center EMS, Midwest Regional Medical Center, LLC, Guy Rodolph, Jason Smith, at the time they negligently treated Luis Rodriguez, ultimately causing his death.

- 9 -

71.  The Defendants', Midwest Regional Medical Center EMS, Midwest Regional Medical Center, LLC, Guy Rodolph, Jason Smith, care and treatment fell below the applicable standards of care.

72.   As a result of the negligence of the Defendants, Midwest Regional Medical Center EMS, Midwest Regional Medical Center, LLC, Guy Rodolph, Jason Smith, Luis Rodriguez sustained injuries and damages, including death.

73.  That the combined actions or inactions of the Defendants led to the death of Luis Rodriguez.

74.  Tragically, when Nair Rodriguez and the rest of the Rodriguez family made it the hospital where Luis Rodriguez's body was transferred, Nair Rodriguez was promised that she would be allowed to come and view his body by one of several Moore Police Officers who had come to the hospital to control the dissemination of information about his death.

75.  However, it was simply a ruse to try and get Nair Rodriguez to provide a statement.

76.  In reality, Luis Rodriguez's body had already been taken by the State Medical Examiner's office unbeknownst to Nair Rodriguez or anyone else related to Luis Rodriguez.

77.  Unfortunately, it appears as though the Moore Police Department sought to interject its own influence into the investigation of Luis Rodriguez's death by the Oklahoma State Medical Examiner.

78.  Even more disconcerting is the fact that it appears as though this undue influence had an ultimate impact on the final findings made by the Oklahoma State Medical Examiner which contradicts the clear facts surrounding Luis Rodriguez's death.

- 10 -

79.   That Luis Rodriguez was an honest, hard working, taxpaying, God-fearing Oklahoman.

80.   That Luis Rodriguez has never been in trouble with the law.

81.   That prior to his death, Luis Rodriguez was employed as an electrician helper with A-1 Electrical.

82.   That Luis Rodriguez was the sole provider for his family prior to his death.

83.   Therefore, jurisdiction and venue is proper herein.

84.   That as a result of the incident described herein, Luis Rodriguez suffered personal injuries, including his death.

85.   Specifically, the cause of Luis Rodriguez's death was asphyxia caused by the external restrictive forces applied by the officers during their interaction with Luis Rodriguez despite Luis Rodriguez verbalizing to them that he was having difficulty breathing.

86.   The actions of Defendants, the City of Moore ex rel. the Moore Police Department, Joseph Bradley and Ryan Minard, were done under the pretense of statute, ordinance, regulation, custom and usage of the State of Oklahoma in such a manner as to constitute and condone practices and policies which deprived Luis Rodriguez of his rights secured under the United States and Oklahoma Constitution and the laws of the United States and State of Oklahoma.

87.   As a direct result of Defendants' actions or inactions, the Estate of Luis Rodriguez seeks recovery for the following, but not limited to, damages:

      A.   The loss of financial support of contributions of money to the wife and children of Luis Rodriguez.

- 11 -

B.   The grief of the surviving wife;

C.   The loss of the society, services, companionship, and marriage relationship of the wife;

D.   The grief of the children of Luis Rodriguez;

E.   The loss of companionship and parental care, training, guidance, or education that would have been forthcoming from Luis Rodriguez to the children, and the loss of companionship of Luis Rodriguez by the children;

F.   The pain and suffering of Luis Rodriguez;

## FIRST CAUSE OF ACTION

## EXCESSIVE FORCE

COMES NOW, the Plaintiff and for her First Cause of action on behalf of the Estate of Luis Rodriguez herein incorporates the allegations set forth above as well as pleads in the alternative and further asserts:

88.   At all times relevant hereto, Officer Ryan Minard and Officer Joseph Bradley, were employed as law enforcement officers for Defendant, City of Moore ex rel. the Moore Police Department.

89.   Officer Ryan Minard and Officer Joseph Bradley, acting in their capacity with the Defendant, City of Moore ex rel. the Moore Police Department, tackled Luis Rodriguez to the ground and savagely beat him to death.

90.   Officer Ryan Minard and Officer Joseph Bradley, acting in their capacity with the Defendant, City of Moore ex rel. the Moore Police Department, being pummeled with fists, knees, and pepper sprayed until he was bloody and lifeless.

91.   As a result of the conduct of Officer Ryan Minard, Officer Joseph Bradley and the

City of Moore ex rel. the Moore Police Department, Luis Rodriguez suffered serious injuries, including his death.

92.     That the acts of Officer Ryan Minard, Officer Joseph Bradley and the City of Moore ex rel. the Moore Police Department in the treatment of Luis Rodriguez were wanton, willful and malicious and done in violation of the 4th Amendment to the U.S. Constitution and with purposeful and a reckless disregard for the constitutional rights of Luis Rodriguez, thereby justifying the imposition of punitive and exemplary damages.

**WHEREFORE,** the Plaintiff, Nair Rodriguez, prays for judgment against the Defendants, Officer Ryan Minard, Officer Joseph Bradley and the City of Moore ex rel. the Moore Police Department, and for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to §1332 of the Title 28 of the United States Code, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983

COMES NOW, the Plaintiff and for her Second Cause of action on behalf of the Estate of Luis Rodriguez herein incorporates the allegations set forth above as well as pleads in the alternative and further asserts:

93.     The Defendants, Officer Ryan Minard, Officer Joseph Bradley and the City of Moore ex rel. the Moore Police Department, under color of statute, ordinance, regulation, custom or usage of the State of Oklahoma, have cause Luis Rodriguez to be

- 13 -

subjected to the deprivation of his rights, privileges and immunities secured by the Constitution of the United States and laws thereof. The acts of Defendants, Officer Ryan Minard, Officer Joseph Bradley and the City of Moore ex rel. the Moore Police Department, in violation of Luis Rodriguez's rights render the Defendants liable for redress of the injuries sustained.

94. The acts of the Defendants, Officer Ryan Minard, Officer Joseph Bradley and the City of Moore ex rel. the Moore Police Department, have caused the Plaintiffs great emotional distress and trauma for which the Defendants, Officer Ryan Minard, Officer Joseph Bradley and the City of Moore ex rel. the Moore Police Department, are liable.

95. The acts of the Defendants, Officer Ryan Minard, Officer Joseph Bradley and the City of Moore ex rel. the Moore Police Department, have caused Luis Rodriguez immense pain and suffering due to the cruel and unusual treatment he experience, for which the Defendants, Officer Ryan Minard, Officer Joseph Bradley and the City of Moore ex rel. the Moore Police Department, are liable.

96. The policies of the Defendants, Officer Ryan Minard, Officer Joseph Bradley and the City of Moore ex rel. the Moore Police Department, are so widespread such that they are a custom or practice of the Defendants, Officer Ryan Minard, Officer Joseph Bradley and the City of Moore ex rel. the Moore Police Department, who have ratified that conduct by condonation, actual knowledge and failure to act such that each Defendant has personally participated in the violation of the constitutional rights of Luis Rodriguez.

**WHEREFORE,** the Plaintiff, Nair Rodriguez, prays for judgment against the

Defendants, Officer Ryan Minard, Officer Joseph Bradley and the City of Moore ex rel. the Moore Police Department, and for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to §1332 of the Title 28 of the United States Code, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION

## FAILURE TO TRAIN, SUPERVISE AND CONTROL

COMES NOW, the Plaintiff and for her Third Cause of action on behalf of the Estate of Luis Rodriguez herein incorporates the allegations set forth above as well as pleads in the alternative and further asserts:

97.  At all times relevant hereto, Brian Clarkston, Chad Strang and Tyler Howser, were employed as personal security for Defendants, Warren Theatres, L.L.C. and Oklahoma Warren Theatres, LLC.

98.  That Defendants, Warren Theatres, L.L.C. and Oklahoma Warren Theatres, LLC., failed to train, supervise and control the employees, agents and servants of Defendants, Warren Theatres, L.L.C. and Oklahoma Warren Theatres, LLC, resulting in injuries and death to Luis Rodriguez.

**WHEREFORE,** the Plaintiff, Nair Rodriguez, prays for judgment against the Defendants, Warren Theatres, L.L.C. and Oklahoma Warren Theatres, LLC., and for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to §1332 of the Title 28 of the United States Code, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

- 15 -

## FOURTH CAUSE OF ACTION

## FAILURE TO TRAIN, SUPERVISE AND CONTROL

COMES NOW, the Plaintiff and for her Fourth Cause of action on behalf of the Estate of Luis Rodriguez herein incorporates the allegations set forth above as well as pleads in the alternative and further asserts:

99.    At all times relevant hereto, Officer Ryan Minard and Officer Joseph Bradley, were employed as law enforcement officers for Defendant, City of Moore ex rel. the Moore Police Department.

100.    That Defendant, City of Moore ex rel. the Moore Police Department, failed to train, supervise and control the employees, agents and servants of Defendant, City of Moore ex rel. the Moore Police Department, resulting in injuries and death to Luis Rodriguez.

**WHEREFORE,** the Plaintiff, Nair Rodriguez, prays for judgment against the Defendant, City of Moore ex rel. the Moore Police Department, and for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to §1332 of the Title 28 of the United States Code, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

## FIFTH CAUSE OF ACTION

## FAILURE TO TRAIN, SUPERVISE AND CONTROL

COMES NOW, the Plaintiff and for her Fifth Cause of action on behalf of the Estate of Luis Rodriguez herein incorporates the allegations set forth above and further asserts in the alternative:

- 16 -

101. At all times relevant hereto, Officer Brian Clarkston, was employed as a law enforcement officer for Defendant, City of Moore ex rel. the Moore Police Department.

102. That Defendant, City of Moore ex rel. the Moore Police Department, failed to train, supervise and control the employees, agents and servants of Defendant, City of Moore ex rel. the Moore Police Department, resulting in injuries and death to Luis Rodriguez.

**WHEREFORE,** the Plaintiff, Nair Rodriguez, prays for judgment against the Defendant, City of Moore ex rel. the Moore Police Department, and for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to §1332 of the Title 28 of the United States Code, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

### SIXTH CAUSE OF ACTION

### NEGLIGENCE

COMES NOW, the Plaintiff and for her Sixth Cause of action on behalf of the Estate of Luis Rodriguez herein incorporates the allegations set forth above as well as pleads in the alternative and further asserts:

103. That Defendants', Warren Theatres, LLC, Oklahoma Warren Theatres, LLC, Brian Clarkston, Tyler Howser, Chad Strang, the City of Moore ex rel. the Moore Police Department, Joseph Bradley, Ryan Minard, Midwest Regional Medical Center EMS, Midwest Regional Medical Center, LLC, Guy Rodolph, Jason Smith actions were negligent.

104. That Defendants, Warren Theatres, LLC, Oklahoma Warren Theatres, LLC and the

- 17 -

City of Moore ex rel. the Moore Police Department, were also negligent under the legal theory of *respondeat superior*.

**WHEREFORE,** the Plaintiff, Nair Rodriguez, prays for judgment against the Defendants and for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to §1332 of the Title 28 of the United States Code, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

<u>**SEVENTH CAUSE OF ACTION**</u>

<u>**EXCESSIVE FORCE**</u>

COMES NOW, the Plaintiff and for her Seventh Cause of action on behalf of the Estate of Luis Rodriguez herein incorporates the allegations set forth above as well as pleads in the alternative and further asserts:

105.   At all times relevant hereto, Officer Brian Clarkston, was employed as law enforcement officer for Defendant, City of Moore ex rel. the Moore Police Department.

106.   Officer Brian Clarkston, acting in his capacity with the Defendant, City of Moore ex rel. the Moore Police Department, tackled Luis Rodriguez to the ground and savagely beat him to death.

107.   Officer Brian Clarkston, acting in his capacity with the Defendant, City of Moore ex rel. the Moore Police Department, being pummeled with fists, knees, and pepper sprayed until he was bloody and lifeless.

108.   As a result of the conduct of Officer Brian Clarkston and the City of Moore ex rel. the Moore Police Department, Luis Rodriguez suffered serious injuries, including his death.

- 18 -

109. That the acts of Officer Brian Clarkston and the City of Moore ex rel. the Moore Police Department in the treatment of Luis Rodriguez were wanton, willful and malicious and done in violation of the 4th Amendment to the U.S. Constitution and with purposeful and a reckless disregard for the constitutional rights of Luis Rodriguez, thereby justifying the imposition of punitive and exemplary damages.

**WHEREFORE,** the Plaintiff, Nair Rodriguez, prays for judgment against the Defendants, Officer Brian Clarkston and the City of Moore ex rel. the Moore Police Department, and for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to §1332 of the Title 28 of the United States Code, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

### EIGHTH CAUSE OF ACTION

### 42 U.S.C. § 1983

COMES NOW, the Plaintiff and for her Eighth Cause of action on behalf of the Estate of Luis Rodriguez herein incorporates the allegations set forth above as well as pleads in the alternative and further asserts:

110. The Defendants, Officer Brian Clarkston and the City of Moore ex rel. the Moore Police Department, under color of statute, ordinance, regulation, custom or usage of the State of Oklahoma, have cause Luis Rodriguez to be subjected to the deprivation of his rights, privileges and immunities secured by the Constitution of the United States and laws thereof. The acts of Defendants, Officer Brian Clarkston and the City of Moore ex rel. the Moore Police Department, in violation of Luis Rodriguez's rights render the Defendants liable for redress of the injuries sustained.

111. The acts of the Defendants, Officer Brian Clarkston and the City of Moore ex rel. the

- 19 -

Moore Police Department, have caused the Plaintiffs great emotional distress and trauma for which the Defendants, Officer Brian Clarkston and the City of Moore ex rel. the Moore Police Department, are liable.

112.   The acts of the Defendants, Officer Brian Clarkston and the City of Moore ex rel. the Moore Police Department, have caused Luis Rodriguez immense pain and suffering due to the cruel and unusual treatment he experience, for which the Defendants, Officer Brian Clarkston and the City of Moore ex rel. the Moore Police Department, are liable.

113.   The policies of the Defendants, Officer Brian Clarkston and the City of Moore ex rel. the Moore Police Department, are so widespread such that they are a custom or practice of the Defendants, Officer Brian Clarkston and the City of Moore ex rel. the Moore Police Department, who have ratified that conduct by condonation, actual knowledge and failure to act such that each Defendant has personally participated in the violation of the constitutional rights of Luis Rodriguez.

**WHEREFORE,** the Plaintiff, Nair Rodriguez, prays for judgment against the Defendants, Officer Brian Clarkston and the City of Moore ex rel. the Moore Police Department, and for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to §1332 of the Title 28 of the United States Code, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

## NINTH CAUSE OF ACTION

### ASSAULT/BATTERY

COMES NOW, the Plaintiff and for her Ninth Cause of action on behalf of the Estate of Luis Rodriguez herein incorporates the allegations set forth above and further asserts:

114.  At a time when Luis Rodriguez was confronted and brutally attacked by the Defendants, Warren Theatres, LLC, Oklahoma Warren Theatres, LLC, Brian Clarkston, Tyler Howser, Chad Strang, the City of Moore ex rel. the Moore Police Department, Joseph Bradley, and Ryan Minard, he was assaulted and battered and he was touched against his will.

115.  Luis Rodriguez was physically unable to defend himself to prevent the attack.

**WHEREFORE,** the Plaintiff, Nair Rodriguez, prays for judgment against the Defendants and for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to §1332 of the Title 28 of the United States Code, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

## TENTH CAUSE OF ACTION

### INFLICTION OF EMOTIONAL DISTRESS

COMES NOW, the Plaintiffs, Nair Rodriguez and Luinahi Rodriguez, and for their Tenth Cause of action herein incorporates the allegations set forth above as well as plead in the alternative and further assert:

116.  Defendants by their extreme and outrageous conduct, intentionally and/or recklessly caused severe emotional and mental distress to Plaintiffs, Nair Rodriguez and Luinahi Rodriguez.

117.  Defendants by their extreme and outrageous conduct, intentionally and/or recklessly caused actual physical distress to Plaintiffs, Nair Rodriguez and Luinahi Rodriguez pursuant to 12 O.S. §1053.

118.  That the Plaintiffs, Nair Rodriguez and Luinahi Rodriguez, were directly physically involved in the incident.

- 21 -

119.    Defendants, by the conduct of the Defendants or their representatives, agents or

employees, negligently caused emotional, physical and mental distress to Plaintiffs,

Nair Rodriguez and Luinahi Rodriguez.

**WHEREFORE**, the Plaintiff, Nair Rodriguez, prays for judgment against the

Defendants and for a total sum in excess of the amount that is required for diversity

jurisdiction pursuant to §1332 of the Title 28 of the United States Code, costs of this action,

attorney's fees, punitive damages and for such other and further relief as the Court deems

just and proper.

HOLLOWAY BETHEA & OSENBAUGH, PLLC
3035 N.W. 63rd, Suite 102N
Oklahoma City, Oklahoma  73116
Telephone:  (405) 246-0600
Facsimile:  (405) 246-0601

BY:    _____
KENYATTA R. BETHEA, OBA#18650
**ATTORNEYS FOR PLAINTIFF**
**THE ESTATE OF LUIS RODRIGUEZ, NAIR**
**RODRIGUEZ AND LUINAHI RODRIGUEZ**

- 22 -

## CERTIFICATE OF MAILING

I certify that on the 1st day of February, 2016, the above and foregoing was mailed postage prepaid, to the following:

Michael C. Felty
David W. Kirk
**LYTLE SOULE & CURLEE**
119 North Robinson, Suite 1200
Oklahoma City, OK 73102
**ATTORNEY FOR DEFENDANTS**   .
**WARREN THEATRES, LLC,**
**OKLAHOMA WARREN THEATRES, LLC,**
**BRIAN CLARKSTON, TYLER HOWSER AND**
**CHAD STRANG**
          *-and-*
Gary J. James
**GARY J. JAMES & ASSOCIATES**
PO Box 2443
Oklahoma City, OK 73101-2443
**ATTORNEY FOR DEFENDANTS**
**WARREN THEATRES, LLC,**
**OKLAHOMA WARREN THEATRES, LLC,**
**BRIAN CLARKSTON, TYLER HOWSER AND**
**CHAD STRANG**

Kathryn D. Terry
Cody J. Cooper
**PHILLIPS MURRAH**
Corporate Tower, 13th Floor
101 North Robinson
Oklahoma City, OK 73102
**ATTORNEYS FOR DEFENDANTS**
**JOSEPH BRADLEY AND**
**RYAN MINARD**

David W. Lee
W. Brett Behenna
**COLLINS ZORN & WAGNER**
429 N.E. 50th Street, 2nd Floor
Oklahoma City, OK 73105-1815
**ATTORNEYS FOR DEFENDANT**
**CITY OF MOORE EX REL**
**MOORE POLICE DEPARTMENT**

- 23 -

John Wiggins
Erin A. Renegar
Daniel J. Thompson
**WIGGINS SEWELL & OGLETREE**
3100 Oklahoma Tower
210 Park Avenue
Oklahoma City, OK 73012
**ATTORNEYS FOR DEFENDANTS**
**MIDWEST REGIONAL MEDICAL CENTER D/B/A**
**MIDWEST REGIONAL MEDICAL**
**CENTER EMS AND**
**JASON SMITH**

_____

KENYATTA R. BETHEA