IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

NAIR RODRIGUEZ, as next of kin to )
the Estate of LUIS RODRIGUEZ, *et al.*, )
                                                                        )
            Plaintiffs, )
                                                                    )
vs.                                                                     )     Case No. CIV-16-150-D
                                                                    )
WARREN THEATRES, LLC, *et al.*, )
                                                                    )
            Defendants. )

# **O R D E R**

Before the Court is Defendants Joseph Bradley's and Ryan Minard's Motion to Dismiss Plaintiffs' Third Amended Petition [Doc. No. 41], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs Nair Rodriguez, individually and on behalf of the Estate of Luis Rodriguez, and Luinahi Rodriguez have filed a response [Doc. No. 44], and the movants have replied [Doc. No. 45]. Thus, the Motion is fully briefed and at issue.

## **Factual and Procedural Background**

This case concerns the death of Luis Rodriguez on February 15, 2014, outside the Warren Theatre in Moore, Oklahoma.[1] Before the incident resulting in Luis's death, he had attended a movie with his wife, Nair, and his daughter, Luinahi. Defendants Joseph Bradley and Ryan Minard were on-duty police officers employed by the Moore Police Department; they were dispatched to the theater to assist an off-duty officer, Defendant Brian Clarkson,

---

[1] Plaintiffs' pleading states the Rodriguez family attended a movie on February 14, 2014. They explain in their brief, however, that the events leading to Mr. Rodriguez's death occurred as they exited the theater after midnight, in the early morning hours of February 15, 2014. For ease of reference, the Court uses the family members' first names when discussing them individually.

and two other security officers with a matter unrelated to the Rodriguez family. While Officers Bradley and Minard were attending to the matter, involving allegedly intoxicated movie patrons, a bystander witnessed an argument between Nair and Luinahi and reported the incident to the officers. When the officers approached the Rodriquez family to inquire about the incident, they made contact with Luis and their interaction with him led to a use of force and his physical restraint, resulting in his tragic death.

Plaintiffs filed a wrongful death action in the District Court of Oklahoma County, Oklahoma, less than a year later on January 20, 2015, against the operators of the Warren Theatre, the security officers involved in the incident, the City of Moore, Officers Bradley and Minard, the emergency medical responders who treated Luis, and their employers. As pertinent here, Plaintiffs sought damages recoverable under Okla. Stat. tit. 12, § 1053, based on the alleged tortious conduct of the officers and *respondeat superior* liability of their employers.[2] Defendants other than Officers Bradley and Minard moved to dismiss the original petition; the motions were sustained by the state district court judge with leave to amend the petition. Plaintiffs' amended petition also drew motions to dismiss, which were again sustained with leave to amend. Multiple defendants, including Officers Bradley and Minard, moved to dismiss Plaintiffs' second amended petition. The motion of Officers Bradley and Minard was based on their immunity from tort liability under the Governmental

---

[2] Plaintiffs also asserted claims under *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013), which recognized a private right of action arising under the Oklahoma Constitution. The *Bosh* claims were subsequently dismissed, initially by order of the state district court and then by amendment of Plaintiffs' pleading, in light of *Perry v. City of Norman*, 341 P.3d 689 (Okla. 2014).

2

Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, §§ 151-172, and was sustained by agreement at a hearing on October 6, 2015; the other defendants' motions were overruled. The written order regarding Officers Bradley and Minard states in pertinent part: "The Parties have stipulated that Defendants, Ryan Minard and Joseph Bradley, were acting in the course and scope of their employment at all relevant times hereto." *See* Order of Oct. 30, 2015 [Doc. No. 1-80]. The tort claims against Officers Bradley and Minard were "dismissed without prejudice." *Id*.

During the pendency of the last round of dismissal motions in state court, Plaintiffs filed a motion to further amend their pleading to add federal civil rights claims. Officers Bradley and Minard, as well as other defendants, opposed Plaintiffs' motion, which was denied. On December 16, 2015, however, Plaintiffs moved for reconsideration of the ruling. On January 22, 2016, the state court judge sustained Plaintiffs' motion to reconsider, and granted them leave to add federal claims for alleged civil rights violations. On February 1, 2016, Plaintiffs filed their current pleading. Officers Bradley and Minard, with the consent of other defendants, promptly removed the case to federal court based on subject matter jurisdiction under 28 U.S.C. § 1331.

The Third Amended Petition asserts federal claims under 42 U.S.C. § 1983 and common law tort claims. Like Plaintiffs' prior petitions, their current pleading specifically alleges that Officers Bradley and Minard were acting "in the course and scope of their employment with the Moore Police Department" at all relevant times. *See* Third Am. Pet.

3

[Doc. No. 1-105], ¶¶ 55, 61-62; *see also* Pet. [Doc. No. 1-3], ¶¶ 55, 61-62; First Am. Pet. [Doc. No. 1-29], ¶¶ 55, 61-62; Second Am. Pet. [Doc. No. 1-43], ¶¶ 55, 61-62. Officers Bradley and Minard have responded to the Third Amended Petition by again moving for dismissal of all tort claims based on their immunity from personal liability under the GTCA. *See* Defs.' Mot. Dismiss [Doc. No. 41], pp.17-20. Regarding Plaintiffs' § 1983 claims, Officers Bradley and Minard seek dismissal for the reasons that 1) the Third Amended Petition is a "nullity" as to them because Plaintiffs did not obtain leave to add them as parties but only to add § 1983 claims against existing parties (*id*. pp.11-13), and 2) seeking to add them now would be futile because any § 1983 action against them is time barred and a fourth amendment of Plaintiffs' pleading would not relate back to the date of the original petition. *Id*. pp.13-17.[3]

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim is a

---

[3] There is no question of timeliness of the Third Amended Petition, if it was properly filed.

4

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679; *see also Robbins*, 519 F.3d at 1248. "In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." *See Robbins*, 519 F.3d at 1249-50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

## Discussion

**A.      Plaintiffs' Civil Rights Action**

Officers Bradley and Minard do not challenge the sufficiency of Plaintiffs' factual allegations to state a § 1983 claim against them but, instead, assert that the entire Third Amended Petition is a nullity as to them under state and federal procedural rules regarding the amendment of pleadings. Allegedly due to Plaintiffs' noncompliance with these rules, the Third Amended Petition is ineffective to state any claim against Officers Bradley and Minard because Plaintiffs did not specifically ask to add parties when they obtained the state judge's authorization to add § 1983 claims to the case.

The Court finds this argument to be both factually and legally unsupported. Plaintiffs did in fact obtain leave to file the Third Amended Petition and to add the § 1983 claims asserted in it. When Plaintiffs initially asked the state court judge for permission to make the amendment, Officers Bradley and Minard clearly understood the § 1983 claims would be

5

asserted against them, and they (together with other defendants) successfully opposed the motion. In moving for reconsideration, Plaintiffs altered only one sentence of the prior motion, adding the phrase "reconsider its denial of Plaintiffs' request" in front of the operative language, to "permit leave of court to assert claims for federal civil rights violations, pursuant to 12 O.S. § 2015, for the reason that justice so requires." *See* Pls.' Mot. Recons. Pls.' Mot. Leave to Amend Their Pet. to Add Claims [Doc. No. 1-98], p.1; Pls.' Mot. Leave to Amend Their Pet. to Add Claims [Doc. No. 1-67], p.1.[4] The certificate of mailing of Plaintiffs' motion for reconsideration shows the attorneys for Officers Bradley and Minard received a copy of it, even though these defendants had been dismissed from the case. *See* Pls.' Mot. Recons. Pls.' Mot. Leave to Amend Their Pet. to Add Claims [Doc. No. 1-98], p.6. Other defendants, including the City of Moore, opposed the motion to reconsider (*see* Def. City of Moore's Resp. & Obj. to Pls.' Mot. Recons. [Doc. No. 1-101]), but the district judge decided to permit the amendment anyway. The Court finds unconvincing the arguments of Officers Bradley and Minard that they did not know Plaintiffs intended to assert § 1983 claims against them if the motion for reconsideration were granted, and that their joinder as parties was unauthorized because Plaintiffs did not expressly ask in the motion to add Officers Bradley and Minard back into the case.

Further, the legal argument of Officers Bradley and Minard that the Third Amended Petition was a "nullity" or ineffectual only as to them is unsupported by the cited authorities.

---

[4] With the exception of a footnote, the two motions are otherwise identical.

*See* Defs.' Mot. Dismiss [Doc. No. 41], p.12; Defs.' Reply Br. [Doc. No. 45], p.3. In *Murray v. Archambo*, 132 F.3d 609 (10th Cir. 1998), the Tenth Circuit considered the effect of a dismissal of an amended complaint for failure to satisfy the requirements of Fed. R. Civ. P. 15(a). The court held that the district court erred in dismissing the entire case because the original complaint remained in place, reasoning as follows:

> Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect. It follows, then, that only an amended complaint that is in effect – that is, properly filed pursuant to the requirements of Rule 15 – can supersede the original. Because [the plaintiff's] amended complaint was not properly filed pursuant to Rule 15, it had no legal effect and did not supersede his original complaint.

*Id*. at 612 (case citations omitted).

Similarly, in *Hunter v. Echols*, 820 P.2d 450 (Okla. 1991), the Oklahoma Supreme Court rejected a contention that the dismissal of an unauthorized amended petition, which had been filed in violation of Okla. Stat. tit. 12, § 2015(A), resulted in the dismissal of the case. The supreme court held that "once a responsive pleading has been served, failure to obtain leave of court or written consent by the adverse party to file an amended petition renders the amendment totally ineffective. The amendment is deemed not to have been filed." *Id*. at 451. Thus, in *Hunter*, where the trial court had authorized the filing of a second amended petition, the supreme court held that the case could proceed. The court reasoned: "Because neither leave of court nor written consent of the adverse party was granted to file the first amended petition, the pleading and its subsequent dismissal must be treated as if they were never filed." *Id*. at 453.

The proposition argued by Officers Bradley and Minard differs from the holdings of the cited cases. They contend that where a plaintiff obtains leave of court for an amendment but files an amended pleading that does not conform to the court's order, then the amended pleading is partially invalid to the extent it exceeds the scope of the order authorizing an amendment. Officers Bradley and Minard present no legal authority, however, and the Court has found none, for the proposition that a partially authorized (or partially unauthorized) amendment of a pleading can be effective for some purposes and not others. Officers Bradley and Minard wish to view the Third Amended Petition as valid against all defendants but themselves, and sufficient to support their removal of the action, but invalid for purposes of asserting any claim against them. Their position is logically inconsistent.[5]

Therefore, the Court finds that Officers Bradley and Minard are not entitled to dismissal of Plaintiffs' § 1983 action for failure of the Third Amended Petition to state a claim upon which relief can be granted against them.

**B.    Plaintiffs' State Law Tort Claims**

Officers Bradley and Minard move to dismiss Plaintiffs' common law tort claims for the additional reasons that the claims were previously dismissed and the GTCA bars personal liability of the officers for any tort committed while acting in the scope of their employment for the Moore Police Department. Plaintiffs make no response to this argument, and it is plainly correct. Oklahoma law is clear that a municipal employee is immune from tort

---

[5] Notably, they did not ask the state court judge to strike the Third Amended Petition as inconsistent with his order or otherwise seek clarification of the order prior to removal. Thus, their interpretation of the order lacks support in the record, as discussed *infra*.

liability for acts and omissions within the scope of his employment and the only proper defendant is his municipal employer. *See* Okla. Stat. tit. 51, §§ 152.1, 153, 163(C); *see also Shephard v. CompSource Okla.*, 209 P.3d 288, 294 (Okla. 2009) (a political subdivision's "liability for loss resulting from the torts of its employees acting within the scope of their employment . . . is exclusive and in place of all other liability of an employee at common law or otherwise"); *Pellegrino v. State ex rel. Cameron Univ.*, 63 P.3d 535, 537 (Okla. 2003) (a "government employee acting within the scope of employment is relieved from private (individual) liability for tortious conduct").

Plaintiffs expressly allege that Officers Bradley and Minard were acting within the scope of their employment as police officers for the City of Moore "at all times relevant hereto." *See* Third Am. Pet. [Doc. No. 1-105], ¶¶ 61-62. A similar allegation is repeated throughout Plaintiffs' pleading. *See* Third Am. Pet. [Doc. No. 1-105], ¶¶ 55, 89-90. Plaintiffs point to no facts from which to conclude that Officers Bradley and Minard at any point during the events leading to Luis' death acted outside the scope of their employment as police officers. *See Shephard*, 209 P.3d at 293 ("acts undertaken with malice or in bad faith" or "contrary to the interests of the employer are not within the scope of employment"); *see also* Okla. Stat. tit. 51 § 152(9) (defining "scope of employment"). Thus, Plaintiffs have failed to allege a basis for personal tort liability of Officers Bradley and Minard.

Therefore, the Court finds that Plaintiffs' state law tort claims against Officers Bradley and Minard are barred by the GTCA, and the Third Amended Petition fails to state a tort claim upon which relief can be granted against them.

9

**Conclusion**

For these reasons, Plaintiffs' § 1983 claims should not be dismissed, but Officers Bradley and Minard are entitled to the dismissal of all state law claims asserted against them.

IT IS THEREFORE ORDERED that Defendants Joseph Bradley's and Ryan Minard's Motion to Dismiss Plaintiffs' Third Amended Petition [Doc. No. 41] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 22nd day of August, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE