IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NAIR RODRIGUEZ, as next of kin to )
THE ESTATE OF LUIS RODRIGUEZ, )
*et al.*, )
                                                )
              Plaintiffs, )
                                                )
v. )         Case No. CIV-16-150-D
                                                )
WARREN THEATRES, LLC, *et al.*, )
                                                )
              Defendants. )

## **O R D E R**

Before the Court is the Motion to Compel [Doc. No. 78] of Defendants Midwest Regional Medical Center, LLC, Jason Smith, and Guy Rodolph (collectively, the "EMS Defendants"), filed pursuant to Fed. R. Civ. P. 37(a). Plaintiffs have responded in opposition to the Motion, which is fully briefed.

The EMS Defendants seek to obtain from Plaintiffs: a signed authorization for release of the decedent's medical records; documents responsive to discovery requests issued before the case was removed to federal court and orally requested during the deposition of Nair Rodriguez; and a signed expert report to replace an unsigned report previously provided by Plaintiffs. In response, Plaintiffs assert that the EMS Defendants issued discovery in state court and "have never issued discovery in this case," meaning the federal court case governed by the Federal Rules of Civil Procedure. *See* Pls.' Resp. Br. [Doc. No. 85], ¶¶ 2-3. Further, Plaintiffs contend they have already provided a signed expert report and have been working cooperatively with the EMS Defendants to produce

other requested documents. Plaintiffs assert that the "Motion to Compel is completely unnecessary" and "is premature." *Id*., ¶¶ 10,13. In reply, the EMS Defendants admit their written discovery requests were issued in state court, but they argue that requiring them to reissue the requests after removal "would be a waste of time and resources;" they argue in favor of a rule that all "pleadings and discovery filed in state court have full force and effect in federal court." *See* Reply Br. [Doc. No. 86], p.2. The EMS Defendants also complain of Plaintiffs' delay in providing materials they had previously agreed to produce. *Id*. p.3.

The rule advocated by the EMS Defendants is contrary to LCvR81.2(c), which provides: "In the absence of contrary stipulation or court order, discovery pending in state court at the time of removal is considered void." Further, the Federal Rules of Civil Procedure require certain initial disclosures but otherwise prohibit a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f)," absent a stipulation of the parties or court order. *See* Fed. R. Civ. P. 26(d)(1). The parties submitted their Joint Status Report and Discovery Plan [Doc. No. 50], on August 25, 2016, stating the discovery conference was held August 16, 2016. Thus, unless the parties stipulated otherwise, that was the first date for issuing written discovery requests in this case. Also, the Court entered a Scheduling Order on August 30, 2016, setting a deadline of March 7, 2017, for Plaintiffs to disclose expert witnesses and provide expert reports. Plaintiffs are not obligated to provide expert disclosures before that deadline.

For these reasons, the Court agrees with Plaintiffs that the EMS Defendants' Motion is premature. However, the Court encourages counsel for the parties to continue working together cooperatively to provide discovery materials and to resolve discovery matters by stipulation or agreement. Further, under the circumstances, the Court finds that no award of expenses incurred in opposing the Motion should be made. *See* Fed. R. Civ. P. 37(a)(5)(B).

IT IS THEREFORE ORDERED that the Motion to Compel [Doc. No. 78] is DENIED, without prejudice to a future motion as appropriate.

IT IS SO ORDERED this 3rd day of February, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE