IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NAIR RODRIGUEZ, as next of kin to )
THE ESTATE OF LUIS RODRIGUEZ, )
*et al.*, )
)
          Plaintiffs, )
)
v. )    Case No. CIV-16-150-D
)
WARREN THEATRES, LLC, *et al.*, )
)
          Defendants. )

# **O R D E R**

Before the Court is the Motion for Summary Judgment [Doc. No. 84] of Defendants Midwest Regional Medical Center, LLC, d/b/a Midwest Regional Medical Center EMS, Jason Smith, and Guy Rodolph (collectively, the "EMS Defendants"). They seek a judgment as a matter of law under Fed. R. Civ. P. 56 on Plaintiffs' claim of intentional infliction of emotional distress and any wrongful death claim brought by Plaintiffs Nair Rodriguez and Luinahi Rodriguez individually, as improper parties under Okla. Stat. tit. 12, § 1053. Plaintiffs have responded in opposition to the Motion, which is fully briefed.

## **Factual and Procedural Background**

This case concerns the death of Luis Rodriguez on February 15, 2014, outside the Warren Theatre in Moore, Oklahoma. Before the incident resulting in Luis's death, he had attended a movie with his wife, Nair, and their daughter, Luinahi.[1] Two on-duty

---

[1] Because Plaintiffs share a common surname, the Court uses first names to refer to them individually.

police officers of the Moore Police Department (Defendants Joseph Bradley and Ryan Minard) were dispatched to the theater to assist an off-duty officer and two peace officers who were employed as private security guards (Defendants Brian Clarkson, Tyler Howser and Chad Strang) with a matter unrelated to the Rodriguez family involving allegedly intoxicated movie patrons. Concerned that the intoxicated patrons might need medical attention, an ambulance was also dispatched to the movie theater. While the officers were attending to the matter, a bystander witnessed an argument between Nair and Luinahi and reported the incident to the officers. When the officers approached the Rodriquez family to inquire about the incident, their interaction with Luis led to a use of force and his physical restraint, and resulted in his tragic death.

Plaintiffs filed a wrongful death action in the District Court of Oklahoma County, Oklahoma, less than a year later on January 20, 2015, against the operators of the Warren Theatre, the security guards and police officers involved in the incident, the City of Moore, and the EMS Defendants, which are the emergency medical responders manning the ambulance (Defendants Rodolph and Smith) and the operator of the ambulance service (Midwest Regional Medical Center, LLC or Midwest Regional Center EMS). Plaintiffs sought damages recoverable under Okla. Stat. tit. 12, § 1053, based on alleged tortious conduct of the individual defendants and *respondeat superior* liability of their employers. After multiple motions and amended pleadings, Plaintiffs filed their Third Amended Petition [Doc. No. 1-105] on February 1, 2016, adding federal civil rights claims under 42 U.S.C. § 1983, and Defendants removed the case to federal court.

The Third Amended Petition asserts both § 1983 claims and pendent common law tort claims.² As to the EMS Defendants, Plaintiffs claim they "were negligent in failing to render appropriate medical care by failing to provide necessary medical attention and in failing to properly monitor and assess Luis Rodriguez's condition." Third Am. Pet., ¶ 69. Specifically, Plaintiffs allege the EMS Defendants "did not take any immediate steps to try and resuscitate Luis Rodriguez at the scene," and after it became obvious that Luis was dead, they "refused to allow his wife, Nair Rodriguez, or even his daughter, Luinahi Rodriguez, to accompany his body to the hospital." *Id*. ¶¶ 67-68. Plaintiffs also allege generally that the EMS Defendants' "care and treatment fell below the applicable standards of care," that their negligence caused Luis to sustain injuries and damages, and that "the combined actions and inactions of [all] the Defendants led to the death of Luis Rodriquez." *Id*. ¶¶ 71-73. As damages, Plaintiffs seek recovery for losses and injuries listed in the wrongful death statute, § 1053(B). *See id.* ¶ 87.

The Third Amended Petition enumerates ten causes of action. The EMS Defendants are included in only two: the "Sixth Cause of Action – Negligence" brought against all Defendants by "Plaintiff . . . on behalf of the Estate of Luis Rodriguez" (*id*. p.17-18 & ¶ 103); and the "Tenth Cause of Action – Intentional Infliction of Emotional Distress" brought against all Defendants by "Plaintiffs, Nair Rodriguez and Luinahi Rodriguez." *Id*. pp.21-22 & ¶¶ 116-119.

---

² The parties agree that the tort claims are governed by Oklahoma law.

## **Standard of Decision**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. Id. If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex*, 477 U.S. at 322-23. If the movant carries this burden, the nonmovant must go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see* Fed. R. Civ. P. 56(c)(1)(A).

**Discussion**

The EMS Defendants ask the Court to make a summary determination of two issues: 1) whether Plaintiffs can present sufficient facts to establish tort liability of the EMS Defendants for intentional infliction of emotional distress; and 2) whether any Plaintiff other than Nair Rodriguez as personal representative of Luis Rodriguez's estate is a proper party to prosecute a wrongful death action. Plaintiffs address only the first issue in their response, but they admit Nair was appointed personal representative of Luis' estate on August 5, 2015. *See* Pls.' Resp. Br. [Doc. No. 91], p.4 (admitting ¶¶ 1-4 of Defendants' Statement of Uncontroverted Facts). Despite Plaintiffs' silence on the second issue, however, the only claim asserted against the EMS Defendants, other than intentional infliction of emotional distress, is a negligence claim brought by Nair Rodriguez on behalf of Luis Rodriguez's estate. *See* Third Am. Pet., p.17-18 & ¶ 103. There is no issue for decision with regard to the proper plaintiff to prosecute this claim; it is brought by the person authorized by Okla. Stat. tit. 12, § 1053(A).

To prevail on a claim of intentional infliction of emotional distress under Oklahoma law, a plaintiff must show: "(1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) the defendant's conduct caused the plaintiff emotional distress, and (4) the resulting emotional distress was severe." *See Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002). To satisfy the second element, the defendant's conduct must be so extreme and outrageous as to be "beyond all possible bounds of decency" in the setting in which it occurred, or

"utterly intolerable in a civilized community." *See Eddy v. Brown*, 715 P.2d 74, 77 (Okla. 1986); *see also Welton*, 49 P.3d at 735; *Kraszewski v. Baptist Med. Ctr. of Okla., Inc.*, 916 P.2d 241, 248 (Okla. 1996). "In general, a plaintiff must prove that the recitation of defendant's conduct to an average member of the community would arouse the listener's resentment against the defendant and would lead the listener to exclaim 'Outrageous!'" *Welton*, 49 P.3d at 735.

Upon consideration of the summary judgment record, the Court finds that Plaintiffs have failed to come forward with any facts to support a finding of outrageous conduct by the EMS Defendants. The Third Amended Complaint contains no factual allegations that the emergency medical responders, Defendants Rodolph and Smith, were personally involved in the physical altercation between Luis and the police or security officers or that they interacted with Nair and Luinahi in any way. The only alleged involvement of the EMS Defendants was providing medical attention and care to Luis after he was injured. When asked to identify any intentional conduct of Defendants Rodolph and Smith that harmed Luis, Nair testified "they did not do their job the way they were supposed to." *See* Nair Rodriguez dep. 306:17-21.

Plaintiffs in their summary judgment response present no additional allegations, and provide no factual assertions supported in the manner required by Rule 56(c). Plaintiffs argue generally, based on the allegations of their pleading, that Nair and Luinahi "underwent extreme and severe emotional distress watching Defendants beat and choke the life out of Luis." *See* Pls.' Resp. Br. [Doc. No. 91], p.5. However, "'[a] party

opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading.'" *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Anderson*, 477 U.S. at 248). Further, Plaintiffs make no attempt to show "that for specified reasons, [they] cannot present facts essential to justify [their] opposition." Fed. R. Civ. P. 56(d). Under these circumstances, summary judgment may properly be granted. *See* Fed. R. Civ. P. 56(e)(3).

In the absence of any properly supported facts to show extreme or outrageous conduct by any of the EMS Defendants that could reasonably be regarded as beyond the bounds of decency and intolerable in a civilized society, the Court finds that that Plaintiffs have failed to demonstrate a genuine dispute of material fact regarding an essential element of their claim of intentional infliction of emotional distress against these Defendants. Therefore, the Court finds that the EMS Defendants are entitled to summary judgment on Plaintiffs' intentional tort claim.

## **Conclusion**

For these reasons, the Court finds that the EMS Defendants are entitled to summary judgment on Plaintiffs' tort claim of intentional infliction of emotional distress, but because no other claim is asserted by Nair and Luinahi individually on their own behalf against the EMS Defendants, no issue is presented for decision regarding the proper plaintiff to prosecute a wrongful death action.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment [Doc. No. 84] of Defendants Midwest Regional Medical Center, LLC, d/b/a Midwest Regional

Medical Center EMS, Jason Smith, and Guy Rodolph GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this **9th** day of February, 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE