IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NAIR RODRIGUEZ, as next of kin to )
THE ESTATE OF LUIS RODRIGUEZ, )
*et al.*, )
 )
      Plaintiffs, )
 )
v. )   Case No. CIV-16-150-D
 )
WARREN THEATRES, LLC, *et al.*, )
 )
      Defendants. )

# **O R D E R**

This matter comes before the Court upon Plaintiffs' Motion for Dismissal Without Prejudice [Doc. No. 133], filed pursuant to Fed. R. Civ. P. 41(a)(2). All defendants oppose the Motion, objecting to a dismissal without prejudice to refiling and alternatively requesting a dismissal order that imposes conditions for refiling. They propose limiting Plaintiffs' claims and evidence in a subsequent case to what is currently available in this case, and requiring Plaintiffs and their counsel "to pay all costs incurred in [this action] as a condition precedent to their ability to re-file this litigation." *See* Warren Theatres Defs.' Obj. [Doc. No. 134] at 11 (citing Fed. R. Civ. P. 41(d)). Plaintiffs have filed a reply brief, and the Motion is at issue.

Plaintiffs ask to dismiss their action asserting claims under 42 U.S.C. § 1983 and state law regarding the death of Luis Rodriguez. The stated reason is that "Plaintiff [Nair Rodriguez] has had to temporarily relocate to Puerto Rico for an undetermined amount of time" due to a death in her family; "this will result in significant travel expense for the

Plaintiff and as she is unemployed, she does not have the means to travel back and forth to Oklahoma from Puerto Rico in order to continue pursuing justice for her husband at this time." Pls.' Mot. Dismissal [Doc. No. 133], ¶¶ 5-6. Mrs. Rodriguez is the personal representative of the Estate of Luis Rodriguez, which is the primary plaintiff in the case and the only plaintiff for a § 1983 claim. The Motion is silent concerning Plaintiff Luinahi Rodriguez except to state that she joins in the request for dismissal. *Id*. at 1.

"Dismissal under Rule 41(a)(2) is within the sound discretion of the court." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993); *see Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005). A district court may allow a plaintiff to dismiss an action "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "'The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Brown*, 413 F.3d at 1123 (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997); *accord Brown*, 413 F.3d at 1123.

Determining whether an opposing party will suffer "legal prejudice" from a dismissal requires a consideration of "practical factors including 'the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation.'" *See Brown*, 413 F.3d at 1124 (quoting *Ohlander*, 114 F.3d at 1537); *see also Clark*, 13 F.3d at 1411. "Prejudice does not arise simply because a second action

2

has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice." *Brown*, 413 F.3d at 1124 (citation omitted).

Upon consideration of the unique circumstances presented in this case, the Court finds that a dismissal of the case without prejudice and without any conditions to refiling would result in legal prejudice to Defendants, but a dismissal subject to curative conditions should be permitted. Plaintiffs' request comes more than two years after they originally commenced this action in state court and after a substantial procedural history; the case was removed upon Plaintiffs' filing of a third amended petition adding a § 1983 claim. The instant Motion was filed after most defendants had filed dispositive motions and shortly before the May 5, 2017 deadline to complete discovery. Defendants have invested substantial time, effort, and expense in defending Plaintiffs' claims and preparing their cases, including making expert disclosures and filing dispositive motions. Thus, the potential prejudice to Defendants is significant. They argue persuasively that it would be inequitable to allow Plaintiffs to restart the case simply because Mrs. Rodriguez's commitment to pursuing it has temporarily waned.[1]

On the other hand, Mrs. Rodriguez's reason for dismissing the case has developed recently, and there has been no lack of diligence on her part in prosecuting the action. To the contrary, Mrs. Rodriguez has expressed extreme frustration – to the point of engaging

---

[1] The Court is not persuaded by Defendant's argument, however, that Plaintiffs' request for dismissal is designed to avoid summary judgment in Defendants' favor and to allow Plaintiffs additional time to marshal facts and evidence to support their claims. Despite Defendants' confidence in the strength of their defenses, it would be inappropriate to prejudge the merits of Plaintiffs' claims before the summary judgment motions are fully briefed. Further, despite Plaintiffs' lack of an expert witness regarding police practices, an expert opinion is not necessarily required to prove an excessive force claim.

in conduct for which Defendants sought sanctions – regarding delays in the litigation. Plaintiffs and their counsel have been actively participating in discovery, and the length of time the case has been pending is due partly to circumstances beyond their control, such as motion practice and the need for court rulings. It would be inequitable to require Plaintiffs to push forward under circumstances where Mrs. Rodriguez is presently absent from the state and unavailable to participate in the litigation. Defendants' contention that Mrs. Rodriguez need not be present to pursue the case is unpersuasive in light of her status as the representative of the decedent's estate (the § 1983 plaintiff) and Defendants' recently-filed motion to compel discovery based on her alleged lack of cooperation, particularly considering her past level of involvement. On prior occasions, Defendants have complained that Mrs. Rodriguez was <u>too</u> involved in discovery. The deadline to complete discovery has not expired, but was quickly approaching when the Motion was filed.[2]

The question remains what conditions could prevent prejudice to Defendants if Plaintiffs dismiss this case and later file a second action based on the same claims against the same defendants. Rule 41 provides that in this situation, upon refiling, a district court: "(1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." *See* Fed. R. Civ. P. 41(d). Also, a district court has inherent authority to impose conditions "designed to alleviate any

---

[2] After the Motion was filed, the Court granted Defendants' unopposed motion to stay all unexpired deadlines in the Scheduling Order until Plaintiffs' Motion is decided. *See* 4/4/17 Order [Doc. No. 141].

4

prejudice a defendant might otherwise suffer upon refiling of an action." *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

In this case, Defendants' claim of prejudice is based almost exclusively on their investment of time and resources in defending this case, conducting discovery, and (as to some defendants) filing summary judgment motions. An appropriate way to alleviate this burden is to order that all discovery conducted in this case can be used in a refiled case and cannot be duplicated. Under this condition, absent agreement of the parties, no witness will be deposed a second time; no completed deposition will be reopened; no written discovery will be repeated; and limits on discovery imposed by the Federal Rules of Civil Procedure may not be exceeded.[3] *See* Fed. R. Civ. P. 30(a)(2) & 33(a). If the discovery conducted in this case carries over to a new case, Defendant's discovery expenses will not be wasted or incurred a second time.

Defendants did incur costs, however, that will not be recoverable after the dismissal or would be duplicated in a future case. The Court finds that some of these costs should be borne by Plaintiffs if they choose to refile, including filing fees, service fees, and copying costs that are authorized to be taxed by the Clerk under 28 U.S.C. § 1920.[4] Accordingly, the Court will authorize Defendants to file a bill of costs after the dismissal

---

[3] If any outstanding discovery requests in this case have not been answered or responded to, or if sufficient answers or production have not been made, it is the Court's intention that the party issuing such requests can move to compel discovery in the manner provided by Fed. R. Civ. P. 37 or comparable procedural rule in any refiled case.

[4] Deposition costs ordinarily recoverable under § 1920 will not be incurred a second time in any refiled case under the Court's first condition concerning discovery.

5

of this action as provided by LCvR54.1, and will direct the Clerk to determine taxable costs in the usual manner, except deposition costs shall not be included (*see supra* note 4). This taxation of costs will not be included in the judgment in this case, but payment will be required as a condition to refiling a second § 1983 action pursuant to Rule 41(d).[5]

For these reasons, the Court finds that Plaintiffs should be permitted to dismiss their action without prejudice to refiling but conditions upon any future filing should be imposed as set forth in this Order.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Dismissal Without Prejudice [Doc. No. 133] is GRANTED, as set forth herein. This action is DISMISSED WITHOUT PREJUDICE to refiling, subject to the following conditions:

- All discovery conducted in this case can be used in a refiled case and no prior discovery can be duplicated.

- Taxable costs of this action shall be determined by the Clerk as provided by LCvR54.1, except deposition costs shall not be included, and payment of such costs shall be a condition to refiling a second action pursuant Fed. R. Civ. P. 41(d).

A separate judgment of dismissal under Rule 41(a)(2) shall be entered.

IT SO ORDERED this 12th day of April, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] If Plaintiffs refile a state court action instead of a federal action, then this condition may be enforced under state law. *See* Okla. Stat. tit. 12, § 684(D).