IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NAIR RODRIGUEZ, et al., | ) |
| Plaintiffs, | ) ) ) ) |
| vs. | ) Case No. CIV-16-150-D ) |
| WARREN THEATRE, LLC OKLAHOMA, et al., | ) ) ) ) |
| Defendants. | ) |

## DECISION ON COSTS

On April 12, 2017, the Honorable Timothy D. DeGiusti issued an order dismissing this action without prejudice (Doc. No. 150). The order provided that the Clerk should "determine taxable costs in the usual manner, except deposition costs shall not be included". Id. at 6. Pursuant to this directive, the Clerk held hearings on defendants' motions for costs on June 1, 2017 and June 8, 2017. This document sets forth the Clerk's findings on defendants' respective motions for costs. As noted in the Court's Order, the costs assessed "will not be included in the judgment in this case, but payment will be required as a condition to refiling a second § 1983 action". Id.

As plaintiffs did not contest the costs sought by defendants Joseph Bradley, Brian Clarkston, and Ryan Minard, the undersigned awards those defendants $670.45 in costs. Plaintiffs, however, did contest costs sought by the remaining defendants.

Defendants Midwest Regional Medical Center, Jason Smith, and Guy Rodolph were permitted to supplement[1] their motion to tax costs with supporting documentation, which resolved plaintiff's objection based on failure to support the costs sought.  After hearing arguments of counsel, the Clerk finds the following costs are not allowable under 28 U.S.C. § 1920:   (1) OSDH licensure file for Ryan Minard; (2) copies of Oklahoma County records for Kyung-Whan Min; (3) Lexis Nexis Index report on Kyung-Whan Min; (4) OSBMLS licensure file on Kyung-Whan Min; (5) OSBI reports on witnesses; (6) OSBMLS updated licensure file on Kyung-Whan Min; (7) tabs and binding for copies; and (8) Lexis Nexis charges for testimonial history report of Kyung-Whan Min.  These charges are either for legal research or investigatory services or do not represent exemplification costs.  Moreover, defendants did not demonstrate how these costs were necessarily obtained for use in this case.  See 28 U.S.C. § 1920(4).  This results in a deduction of $893.11 from the costs now sought by defendants.  The undersigned therefore awards costs in the amount of $1,092.09 to defendants Midwest Regional Medical Center, Jason Smith, and Guy Rodolph.

Plaintiffs objected to three main items of costs sought by defendants Warren Theatres, LLC, Warren Theatres, LLC, Oklahoma, Brian Clarkston, Chad Strang,

---

[1] In the supplement, defendants acknowledged that the original bill of costs included a duplicative charge of $195.97.  Defendants therefore reduced their request for costs to $1,985.20.  Supplement to Defendants' Motion to Tax Costs and Brief in Support at 2 (Doc. No. 160).

and Tyler Howser.  First, plaintiffs objected to any fee paid to Kyung-Whan Min, M.D., as all such costs were associated with his deposition.  The undersigned sustains this objection on the ground asserted by plaintiffs, but also notes that in no event would any amount over $40.00, plus mileage, be recoverable under 28 U.S.C. § 1920(3).  See 28 U.S.C. § 1821(b).  Compensation for expert witnesses under § 1920 is only permissible when the expert is court appointed.  There is no indication that Dr. Min was so appointed.  Second, plaintiffs challenged the costs associated with copying CDs and DVDs, arguing the CDs and DVDs were not utilized in the case.  Defendants counter that the CDs and DVDs were duplicated because they were responsive to plaintiffs' discovery requests.  Given that assertion, the Clerk overrules plaintiffs' objection.  The test is not whether documents were actually used; rather, the standard is whether copies were "necessarily obtained for use in the case".  28 U.S.C. § 1920(4).  The undersigned, however, denies costs for exhibit tabs and bindings and the $50.00 charge for "producing and delivering a DVD copy of the deposition of Chad Strang" as the Court has ruled that deposition costs are not recoverable.  Finally, plaintiffs object to a $273.00 charge from the Oklahoma Workers' Compensation Court for records.  Defendants did not provide a reasonable explanation for why the documents were obtained for the case, and the undersigned finds the amount charged for copying is unreasonable.  The undersigned therefore sustains plaintiffs' objection.  Defendants Warren Theatres, LLC, Warren Theatres, LLC,

Oklahoma, Brian Clarkston, Chad Strang, and Tyler Howser are therefore awarded $2,581.45 in costs.

The costs assessed above will not become part of the judgment in this case. Payment of the costs assessed shall only become payable if plaintiffs file a second civil rights action pursuant to 42 U.S.C. § 1983.

*Carmelita Reeder Shinn*
Carmelita Reeder Shinn
Clerk of Court